UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FERNANDO ENRIQUE CABRERA-ARUCHA | ) ) ) |
| Petitioner, | ) ) |
| VS. | ) Civil Action No. SA-09-CA-536-XR ) ) |
| ERIC HOLDER, UNITED STATES ATTORNEY GENERAL, et al., | ) ) ) |
| Respondents. | ) ) |

**ORDER**

On this date, the Court considered the Report and Recommendation of the United States Magistrate Judge (docket no. 15), filed November 2, 2009, recommending that the Court grant Respondent's Motion to Dismiss (docket no. 11), and Petitioner's objections thereto. After careful consideration, the Court will accept the recommendation and will grant the motion to dismiss.

**Background**

Petitioner, who is in the custody of ICE, filed this petition for a writ of habeas corpus on July 2, 2009, requesting release from detention under 28 U.S.C. § 2241. Petitioner is a citizen of El Salvador and has been in ICE custody since September 15, 2006. Petitioner was ordered removed by an Immigration Judge on April 9, 2007. Petitioner has appealed his removal order to the Ninth Circuit Court of Appeals, which granted a stay in removal proceedings pending that court's decision on his appeal. In his habeas petition, Petitioner claims that immigration officials have detained him for more than six months after the order of removal was issued, that the crime for which he was convicted does not qualify as an aggravated felony subjecting him to deportation, and that he

received ineffective assistance of counsel in prior criminal and removal proceedings.

On October 14, the Government filed a motion to dismiss the petition, asserting that the petition should be dismissed because Petitioner's appeal of the removal order remains pending before the Ninth Circuit. Further, Petitioner previously filed a petition for writ of habeas corpus on June 5, 2008, which this Court dismissed on August 11, 2008 because his appeal remained pending before the Ninth Circuit. In its prior Order, the Court noted that Petitioner appealed his removal order to the BIA, which dismissed the appeal on August 3, 2007. Petitioner then filed a petition for review with the Ninth Circuit Court of Appeals, which granted a motion to stay the removal on January 14, 2008. This Court concluded that, because 8 U.S.C. 1231(a)(1)(B) makes clear that the removal period had not yet commenced, and because the underlying issues concerning the removal order are being considered by the Ninth Circuit, the application for habeas relief should be dismissed. Based on this Court's prior Order in 08-CV-353, the Magistrate Judge recommends granting the motion to dismiss this habeas petition.

**Analysis**

By statute, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," a period referred to as the "removal period." 8 U.S.C. § 1231(a)(1). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that it is presumptively reasonable for the Government to detain people for up to six months once the removal period commences. Petitioner contends that his detention is not reasonable because he has been held more than six months. However, *Zadvydas* is inapplicable until the removal period begins, and 8 U.S.C. § 1231(a)(1)(B) provides that the removal period begins on the *latest* of the following:

(i) The date the order of removal becomes administratively final.

(ii) *If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.*

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

As this Court concluded in its prior Order:

> Part (ii) directly applies to Petitioner's situation. The Ninth Circuit agreed to judicially review his removal order and issued a stay of the removal proceedings. Until the Ninth Circuit issues a final order, the removal period does not commence. Accordingly, Petitioner's assertion that *Zadvydas*'s six month time frame already expired is incorrect. The six month clock does not begin ticking until after the Ninth Circuit issues a final ruling on Petitioner's application pending before it.

Thus, petitioner's continued detention is permissible. *See Semedo v. Mukasey*, 2008 WL 5483028 (W.D. La. Dec. 5, 2008).

This Court also previously concluded with regard to Petitioner's substantive claims – that he was convicted of a non-deportable offense and that he received ineffective assistance of counsel in both his criminal and immigration proceedings – that it lacked jurisdiction because these "present challenges to his removal order, which can only be directed to a federal court of appeals."[1]

## Conclusion

Based on the same considerations as in this Court's prior Order and the fact that Petitioner has not demonstrated that the Ninth Circuit has issued a final order, the Magistrate Judge

---

[1] *See* 8 U.S.C. § 1252(a)(5), which states:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

recommends granting Respondent's motion to dismiss. Petitioner raises no meritorious challenges to the recommendation in his objections.

Accordingly, the Court ACCEPTS the Magistrate Judge's Memorandum and Recommendation, grants Defendants' motion to dismiss (docket no. 11), dismisses Petitioner's habeas petition related to the length of his detention for failure to state a claim, and dismisses his remaining claims related to the removal order itself for lack of jurisdiction. The Clerk shall enter judgment in favor of Respondents, each side to bear its own costs.

It is so ORDERED.

SIGNED this 21st day of December, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE